

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2005

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4273

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Jones" (2005). *2005 Decisions.* Paper 829.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/829

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-4273

UNITED STATES OF AMERICA

v.

DARNELL JONES,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 99-cr-00348-1)
District Judge: Stewart Dalzell

Submitted Under Third Circuit LAR 34.1(a)
on November 15, 2004

Before: ROTH, SMITH and WEIS, Circuit Judges

(Opinion filed: July 19, 2005)

OPINION

**ROTH,** Circuit Judge:

Counsel for Darnell Jones has filed a motion to withdraw from the case--citing a

lack of non-frivolous appealable issues. Counsel has submitted a brief pursuant to *Anders*

1

*v. California*, 386 U.S. 738 (1967), in support of his motion. Jones was given a copy of the motion and corresponding brief with notice that he could file a *pro se* brief. He chose not to do so. However, Jones has filed a *pro se* motion requesting that we appoint him a new counsel.

On December 8, 1999, Darnell Jones was found guilty by a federal jury for conspiracy to commit armed robbery, 18 U.S.C. § 371, attempted bank robbery and armed bank robbery in violation of 18 U.S.C. § 2113(d), and carrying and using a firearm during the crime of violence in violation of 18 U.S.C. § 924(c)(1). Subsequently, Jones admitted his guilt regarding these offenses and sought to cooperate with the government by disclosing information about various criminal undertakings of which he had knowledge. The District Court found that Jones's cooperation subjected him and his family to substantial danger. The presentence report established the maximum sentencing guideline range at between 370 and 387 months imprisonment. The District Court granted a significant downward departure and sentenced Jones to 240 months imprisonment on November 15, 2002. Jones filed a timely notice of appeal of the sentence.

We adhere to a twofold inquiry when analyzing *Anders* briefs. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). This inquiry consists of the following: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* When an attorney submits an *Anders* brief, his or her duties are (1) to demonstrate to the court that

2

he or she has thoroughly examined the record for appealable issues, and (2) to demonstrate that the issues are frivolous. *Id.* In attending to his or her duties "[c]ounsel need not raise and reject every possible claim." *Id.* Counsel needs only to satisfy the "conscientious examination" standard set forth by the Supreme Court in *Anders*. *Id.* Because we conclude that counsel's *Anders* brief is flawed, we have performed our own review of the record.

Counsel points to two potential appealable issues and cites the relevant case law. He identifies the following issues: (1) whether Jones waived his right to appeal any errors made during the trial because of his cooperation with the government following the trial, and (2) whether, in imposing sentence, the District Court failed to adequately compensate Jones for his substantial cooperation with the government. As to the first issue, counsel made an erroneous assumption that Jones, by cooperating with the government after his guilty verdict, somehow automatically waived his right to appeal any potential errors committed during the trial. The government conceded to counsel's error in its brief. However, after our review of the record, we agree with the government's contention that counsel correctly states that there are no non-frivolous issues from the trial for review, even though counsel's reasoning may be incorrect. In fact, after the trial Jones admitted the jury's guilty verdict was correct. No trial errors were identified and no post trial motions were filed. The frivolousness of this potential issue is patent. *See United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000) (noting that *Anders* briefs that

3

contain patently frivolous issues will not be rejected, even if counsel performed his or her duties inadequately).

Regarding the second issue – the sentence imposed – at the time of sentencing, the District Court did not have the benefit of the Supreme Court decision in *United States v. Booker*, __ U.S. ___ , 125 S.Ct. 738 (2005). Following *Booker*, we held in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), that a defendant's substantial rights may have been affected where the District Court erred by treating the Guidelines as mandatory rather than advisory. *Id*. At 164. Such an error in the case before us may have affected the point from which the District Court departed downward.

Although Jones appears to have waived his right to challenge his sentence under *Booker* when he failed to respond to an order of this Court, dated February 16, 2005, which requested the parties to submit statements on the applicability of *Booker*, we are concerned about the adequacy of the *Anders* review done by Jones's counsel. Accordingly, we will vacate the sentence and remand for resentencing.

## CONCLUSION

For the reasons stated, we will affirm the judgment of conviction and we will vacate the judgment of sentence and remand this case for resentencing.